UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GARY WATKINS, | ) | CASE NO. 4:05 CV 2946 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 21, 2005, pro se plaintiff Gary Watkins filed this action under 42 U.S.C. § 1983 against Corrections Corporation of America ("CCA"), CCA Warden R. Tapia, Assistant Warden J.D. Medlin, Nurse Hall, and Dr. John Doe. In the complaint, plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs because he is African American. He seeks $ 100,000.00 in compensatory damages and $ 20,000,000.00 in punitive damages.

*Background*

Mr. Watkins alleges that the defendants have failed to provide him with adequate medical care. He claims he is suffering from a staph infection. He indicates that the defendants

refuse to quarantine infected inmates, thereby allowing the diseases to spread throughout the prison. He contends the defendants have conspired to deny him health care due to his race. He further suggests they are motivated by greed and want only to maximize profits. He states that CCA "is a very nasty and filthy environment." (Compl. at 4.) He claims the prison staff favors Hispanic inmates "which is evidenced by the serving of beans and rice twice a day every day." (Compl. at 4.) Mr. Watkins concludes that "CCA has caused me pain, suffering, humiliation [and] discrimination." (Compl. at 4.)

### *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Because CCA is a private prison, it is difficult to determine on the face of the pleading what grievance procedure is available to the inmates. Title 28 of the Code of Federal

Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. As the inmates housed at NEOCC are federal inmates, it is likely that they are required to utilize the grievance procedure for federal inmates.

Under Title 28, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

Mr. Watkins has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances and alleges "I completed numerous grievances without success. Often I was denied grievance forms." (Compl. at 2.) These general conclusory statements of exhaustion are not sufficient to satisfy the mandates of § 1997e. Brown, 139 F.3d at 1104.

Even if CCA inmates are required to use a grievance procedure other than that which is designated for federal prisoners, the complaint must be dismissed. Mr. Watkins has not set forth allegations describing such a procedure or reasonably suggesting that he complied with it. The inmate bears the burden of establishing exhaustion of administrative remedies at the time the

complaint is filed. Id. Mr. Watkins has not satisfied that burden.

## *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

S/Peter C. Economus - 3/8/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.